Coreas-Alvarado v. Barr

BIA
Christensen, IJ
A206 687 871

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty.

PRESENT:
> José A. Cabranes,
> Susan L. Carney,
> Richard J. Sullivan,
> *Circuit Judges.*

_____

DUGLAS SEBASTIAN COREAS-ALVARADO,
*Petitioner,*

v.                                                        18-1659
                                                          NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Kennji Kizuka, Esq., Human Rights
                           First, New York, NY.

**FOR RESPONDENT:** Joseph H. Hunt, Assistant Attorney General; Mary Jane Candaux, Assistant Director; Stephanie E. Beckett, Trial Attorney; Michael Christopher Heyse, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Duglas Sebastian Coreas-Alvarado, a native and citizen of El Salvador, seeks review of a May 8, 2018 decision of the BIA affirming a July 7, 2017 decision of an Immigration Judge ("IJ") denying Coreas-Alvarado's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Duglas Sebastian Coreas-Alvarado,* No. A 206 687 871 (B.I.A. May 8, 2018), *aff'g* No. A 206 687 871 (Immig. Ct. N.Y. City July 7, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

Coreas-Alvarado argues that the immigration court lacked jurisdiction over his removal proceedings because his notice to appear did not include the time and date of his hearing. Our decision in *Banegas Gomez v. Barr*, 922 F.3d 101, 110 (2d

Cir. 2019), forecloses this argument. "[A]n NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien." *Id.* at 112. Coreas-Alvarado was served with a hearing notice and appeared at the hearing. His argument is thus defeated.

Turning to the merits, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009) (reviewing de novo questions of law and applications of law to undisputed fact); *Edimo-Doualla v. Gonzales*, 464 F.3d 276, 281–83 (2d Cir. 2006) (reviewing nexus determinations for substantial evidence).

An asylum applicant has the burden of showing that he has suffered past persecution, or has a well-founded fear of future persecution, "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42); *see id.* §§ 1158(b)(1)(B)(i), 1231(b)(3)(A). Substantial evidence

3

supports the agency's finding that Coreas-Alvarado did not show that he was persecuted on account of his anti-gang political opinion or his particular social group of immediate family members of Salvadoran police officers.

Political opinion can be either real or imputed by the persecutor, but in either case, it must be the persecutor's motivation for the harm to support an asylum claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). Coreas-Alvarado testified that gangs target "everybody," and he has not demonstrated that gang members were motivated to target him for reasons other than increasing their own ranks and control. *See id.; Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999) ("general crime conditions" do not constitute persecution on account of a protected ground). Additionally, because he has not adduced evidence of alternative motives, he has not demonstrated that the agency erroneously failed to employ a mixed-motive analysis. *See Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (asylum may be granted "where there is more than one motive for mistreatment, as long as at least one central reason for the mistreatment is on account of a protected ground") (internal quotation marks omitted).

4

That gang members harmed Coreas-Alvarado only after his refusal to join their ranks, without more, is insufficient to show an actionable nexus between the attacks and his political opinion. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 482–84 (1992) (holding that guerrillas' retaliation for petitioner's refusal to join was not motivated by political opinion). Additionally, Coreas-Alvarado's argument that resisting recruitment is effectively resisting political control (because, assertedly, gangs have formed a parallel governing structure in El Salvador) is unavailing in light of the principle that "the mere existence of a generalized 'political' motive underlying . . . forced recruitment is inadequate to establish (and indeed, goes far to refute) the proposition that [an applicant] fears persecution *on account of* political opinion." *Id.* at 482.

Substantial evidence also supports the agency's determination that Coreas-Alvarado did not establish a well-founded fear of future persecution that is based on his membership in the particular social group that he asserts: immediate family members of current and former Salvadoran police officers. When an applicant has not established past persecution on account of a protected ground, he may establish

5

eligibility for asylum by demonstrating a well-founded fear of future persecution.  8 C.F.R. § 1208.13(b)(2).  To do so, the applicant must "present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable."  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  A fear may be objectively reasonable "even if there is only a slight, though discernible, chance of persecution," *Diallo v. I.N.S.*, 232 F.3d 279, 284 (2d Cir. 2000), but not if it lacks "solid support" in the record and is merely "speculative at best," *Jian Xing Huang v. U.S. I.N.S.*, 421 F.3d 125, 129 (2d Cir. 2005).  To demonstrate such a well-founded fear, the applicant must show either a reasonable possibility that he would be singled out for persecution if removed or that the country of removal has a pattern or practice of persecuting similarly situated individuals.  8 C.F.R. § 1208.13(b)(2)(iii).

Coreas-Alvarado cites evidence showing that, starting in 2015, gangs have engaged in a targeted assassination campaign against officers and their families. Most of this evidence, however, indicates that attacks on officers' family members were incidental to attacks on officers themselves.  Moreover, the agency correctly observed that Coreas-Alvarado did not

6

live with his father in El Salvador and does not have a close relationship with him, that his father has not been targeted by gangs in the past, and that gangs did not mention Coreas-Alvarado's father when they attacked him. Accordingly, his stated fear that he will be targeted by gangs on account of his father's occupation lacks "solid support in the record" and "is speculative at best." *See Jian Xing Huang*, 421 F.3d at 129.

Finally, substantial evidence supports the agency's determination that Coreas-Alvarado did not establish his eligibility for CAT relief. To show CAT eligibility, an applicant must demonstrate that someone in his particular circumstances would "more likely than not" be tortured "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.18(a)(1), 1208.16(c)(2), 1208.17(a); *see Khouzam v. Ashcroft*, 361 F.3d 161, 170 (2d Cir. 2004); *Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 143–44 (2d Cir. 2003).

The agency reasonably determined that Coreas-Alvarado did not suffer torture in the past, because "torture requires proof of something more severe than the kind of treatment

7

that would suffice to prove persecution." *Kyaw Zwar Tun v. U.S. I.N.S.*, 445 F.3d 554, 567 (2d Cir. 2006). Further, it reasonably determined that Coreas-Alvarado did not demonstrate that he would more likely than not be tortured upon his return to El Salvador and did not err in failing to consider explicitly specific country conditions evidence and an expert affidavit addressing torture and the murders in some locales of men who refused gang recruitment. The IJ acknowledged the "high rates of violence and crime in El Salvador" and "evidence in the record that individuals who refuse to join a gang may be subject to gang violence," but reasonably concluded that this evidence did not carry Coreas-Alvarado's heavy burden of showing that he would "more likely than not" be tortured upon his return. Certified Admin. R. at 78; *see* 8 C.F.R. §§ 1208.18(a)(1); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n.17 (2d Cir. 2006) (explaining that this Court "presume[s] that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise"); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008) (stating that the agency need not "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner")

8

(internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court